UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ABDALLAY HUSSSEIN HIJAZI,

                         Plaintiff,       CIVIL CASE NO. 07-14221

v.

                                            HONORABLE PAUL V. GADOLA

MICHAEL MUKASEY,                    U.S. DISTRICT JUDGE
Attorney General of the United States
of America, *et al.*,

                         Defendants.
_____/

**ORDER GRANTING IN PART
DEFENDANT'S MOTION TO DISMISS OR REMAND**

Before this Court is Defendants' December 10, 2007 motion to dismiss or remand Plaintiff's October 4, 2007, complaint. For the following reasons, the Court will grant Defendants' motion, in part.

Plaintiff currently has an application for naturalization pending with the Citizenship and Immigration Services ("CIS"). Plaintiff Hijazi first submitted the immigration application to the CIS on or about April 16, 2004. On October 15, 2004, Plaintiff was given an initial interview on his application for naturalization with CIS. The CIS has failed to render a decision on Plaintiff's application, allegedly because it is still waiting on the results of an unfinished FBI name check. On October 4, 2007, Plaintiff filed a complaint, requesting the Court to make a judicial determination of his naturalization application.

In the motion to dismiss or remand, Defendants argue that this Court should dismiss Plaintiff's complaint as it does not have jurisdiction to consider Plaintiff's request for a determination. The relevant language of the Immigration and Nationality Act states:

If there is a failure to make a determination under section 355 [8 USCS § 1446]

> before the end of the 120-day period after the date on which the examination is conducted under such section, the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has the jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b). Plaintiff argues that the word "examination" in the statue refers to the CIS interview conducted on October 15, 2004, and that because 120 days have passed since the interview, this Court has jurisdiction to determine the matter of the immigration application. Defendants argue, in opposition, that the "examination" of § 1447 includes the FBI name check, and since the FBI name check has not been completed, the "examination" has not finished and the 120 days have not yet begun to toll.

After reviewing the language of the statute and prior case law, the Court finds that in the language of § 1447 stating "after the date on which the examination is conducted," the word "examination" was not intended to include an ongoing FBI name check. *See Mahmood v. Jenifer*, No. 05-40154 (E.D. Mich. Nov. 30, 2005) (Gadola, J.). Instead, the word "examination" describes an event occurring on a definite occasion, in this case, the CIS interview. This statutory interpretation is the one currently followed in the Eastern District of Michigan. *See Kehlifa v. Chertoff*, 433 F. Supp. 2d 836 (E.D. Mich. 2006) (Rosen. J.); *Abdelkarim v. Gonzales*, No. 06-14436 (E.D. Mich. Apr. 30, 2007) (Edmunds, J.); *Issa v. Mueller*, No. 06-15683 (E.D. Mich. Apr. 27, 2007) (Feikens, J.); *Wenbo Yang v. Gonzales*, No. 06-14816 (E.D. Mich. Apr. 24, 2007) (Rosen, J.); *Awada v. Gonzales*, No. 06-15394 (E.D. Mich. Apr. 24, 2007) (Rosen, J.); *Osowa v. Gonzales*, No. 06-15602 (E.D. Mich. Apr. 5, 2007) (Cox, J.); *Al Saleh v. Dist. Dir.*, 06-13372 (E.D. Mich. Mar. 28,

2007) (Duggan, J.); *Zhang v. Chertoff*, No. 05-72121 (E.D. Mich. Feb. 1, 2006) (Roberts, J.); *Al Saidi v. Jenifer*, No. 05-71832 (E.D. Mich. Dec. 23, 2005) (Hood, J.). Consequently, because 120 days have elapsed since Plaintiff's interview, this Court has jurisdiction over the matter. *See* 8 U.S.C. § 1447(b).

Pursuant to this Court's jurisdiction, the Court "may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter." *Id.* Reviewing the instant matter, the Court concludes that it lacks the requisite information to make a proper determination of Plaintiff's immigration application. The Court also notes that, although the application process has been delayed by the FBI name checks, the result of this check is an important piece of information for a final determination of Plaintiff's application. Therefore, the Court will remand this case to the CIS.

**ACCORDINGLY, IT IS HEREBY ORDERED** that Defendants' motion to dismiss or remand [docket entry #4] is **GRANTED IN PART.**

**IT IS FURTHER ORDERED** that this action, **Case No. 07-14221**, is **REMANDED** to the CIS.

**SO ORDERED.**

Dated:   January 17, 2008               s/Paul V. Gadola
                                        HONORABLE PAUL V. GADOLA
                                        UNITED STATES DISTRICT JUDGE

Certificate of Service

I hereby certify that on  January 17, 2008  , I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following:         Robert W. Haviland; Jose A. Sandoval                                         , and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants:                                                                                   .

s/Ruth A. Brissaud
Ruth A. Brissaud, Case Manager
(810) 341-7845